R. Alexander Pilmer (CA Bar No. 166196)
Marc H. Cohen (CA Bar No. 168773)
KIRKLAND & ELLIS LLP
777 S. Figueroa Street
Los Angeles, CA  90017
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500
apilmer@kirkland.com
mcohen@kirkland.com

Attorneys for Defendants and Counterclaimants
THE DIRECTV GROUP, INC. and
DIRECTV HOLDINGS LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Trans Video Electronics, Ltd., an Indiana Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>The DIRECTV Group, Inc., a Delaware Corporation; and DIRECTV Holdings LLC, a Delaware Corporation,<br><br>    Defendants. | CASE NO. C07-4125 (PJH)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT;**<br><br>**COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY** |
| The DIRECTV Group, Inc., a Delaware Corporation; and DIRECTV Holdings LLC, a Delaware Corporation<br><br>    Counterclaimants,<br><br>    v.<br><br>Trans Video Electronics, Ltd., an Indiana Corporation,<br><br>    Counter-defendant. | **DEMAND FOR JURY TRIAL** |

Defendants The DIRECTV Group, Inc. and DIRECTV Holdings LLC (collectively "DIRECTV"), by and through its undersigned counsel, answers the Complaint of Trans Video Electronics, Ltd., ("Trans Video") as follows:

## THE PARTIES

1. DIRECTV lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies the allegations in this paragraph.

2. DIRECTV admits that The DIRECTV Group, Inc. is a Delaware corporation with a principal place of business at 2230 East Imperial Highway, El Segundo, California 90245. DIRECTV admits that DIRECTV Holdings LLC is a Delaware Limited Liability company with a principal place of business at 2230 East Imperial Highway, El Segundo, California 90245.

3. DIRECTV admits that certain affiliates or subsidiaries of The DIRECTV Group, Inc. or DIRECTV Holdings LLC currently offer for sale a product called "DIRECTV Sat-Go" ('Satellite-To-Go'). DIRECTV otherwise denies the allegations of this paragraph.

## JURISDICTION AND VENUE

4. DIRECTV admits that this Court has original jurisdiction over this action under 28 U.S.C. § § 1331 and 1338(a). DIRECTV admits that this action purports to be an action for patent infringement arising under the patent laws of the United States.

5. DIRECTV admits that certain affiliates or subsidiaries of The DIRECTV Group, Inc. or DIRECTV Holdings LLC do business in this jurisdiction. DIRECTV denies that there is any basis in law or fact for Trans Video's action for patent infringement. DIRECTV otherwise denies the allegations of this paragraph.

## Count 1:  Infringement of U.S. Patent No. 5,903,621

6. DIRECTV hereby incorporates the allegations, admissions, and denials set forth in Paragraphs 1 through 5 above as if fully set forth herein.

7. DIRECTV admits that, on its face, U.S. Patent No. 5,903,621 (the "'621 Patent") indicates that the United States Patent and Trademark Office issued the '621 Patent on May 11,

1999.  DIRECTV denies that the '621 patent was duly and legally issued.  DIRECTV denies any remaining allegations of paragraph 7.

    8.    DIRECTV denies the allegations of paragraph 8.

    9.    DIRECTV denies the allegations of paragraph 9.

    10.    DIRECTV denies the allegations of paragraph 10.

    11.    DIRECTV denies the allegations of paragraph 11.

    12.    DIRECTV denies the allegations of paragraph 12.

## PRAYER FOR RELIEF

The remainder of Trans Video's Complaint comprises the prayer for relief to which no response is required.  To the extent any response is required, DIRECTV denies that it has infringed any valid and enforceable claim of the '621 patent and denies that Trans Video is entitled to any relief whatsoever against DIRECTV, either as requested or otherwise.  DIRECTV further denies each and every allegation related to DIRECTV contained in the Complaint to which DIRECTV has not specifically responded.

## AFFIRMATIVE DEFENSES

DIRECTV alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, DIRECTV specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### First Affirmative Defense

Trans Video's Complaint fails to state a claim for which relief can be granted.

### Second Affirmative Defense

DIRECTV believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that the '621 patent is invalid and unenforceable because of deficiencies in patent prosecution and failing to comply with one or more of the requirements of the patent laws of the United States, including the provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Third Affirmative Defense

DIRECTV believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that DIRECTV does not and has not infringed (either directly, contributorily, or by inducement) any valid claim of the '621 patent.

### Fourth Affirmative Defense

On information and belief, Trans Video's claims of infringement are barred by estoppel, including prosecution history estoppel.

### Fifth Affirmative Defense

On information and belief, Trans Video's claims of infringement are barred by laches, including prosecution laches.

### Sixth Affirmative Defense

Trans Video cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

### Seventh Affirmative Defense

On information and belief, Trans Video's claims of infringement are barred by unclean hands.

### PRAYER FOR RELIEF

WHEREFORE, DIRECTV prays for judgment as follows:

A. That Trans Video's Complaint be dismissed with prejudice;

B. That Trans Video take nothing by reason of its Complaint;

C. That no injunctive relief issue to Trans Video;

D. That the claims of the '621 patent be adjudged not infringed, directly or indirectly, by DIRECTV;

E. That the claims of the '621 patent be adjudged invalid and/or unenforceable;

F. That DIRECTV be awarded its costs and expenses;

G. That this be adjudged an exceptional case and that DIRECTV be awarded its attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

H. That DIRECTV be awarded such other and further relief as the Court may deem appropriate.

## COUNTERCLAIM

Defendant and Counterclaimants The DIRECTV Group, Inc. and DIRECTV Holdings LLC (collectively "DIRECTV") assert the following counterclaims against Trans Video and allege as follows:

## NATURE OF THIS ACTION

1. This is an action under the Declaratory Judgment Act and the patent laws of the United States to declare that affiliates or subsidiaries of The DIRECTV Group, Inc. or DIRECTV Holdings LLC are free to make, have made, use, sell, or offer to sell, the accused products in the United States because Trans Video's asserted patent is invalid, not infringed, and unenforceable. These are compulsory counterclaims under Rule 13(a) of the Federal Rules of Civil Procedure and thus, if the Court has subject matter jurisdiction over the underlying patent infringement action, subject matter jurisdiction also exists for DIRECTV's counterclaims under 28 U.S.C. §§ 1338(a) and 2201(a).

## THE PARTIES

2. Defendant and Counterclaimant The DIRECTV Group, Inc. is a corporation organized and existing under and by virtue of the laws of the State of Delaware and has its principal place of business at 2230 East Imperial Highway, El Segundo, California 90245. Defendant and Counterclaimant DIRECTV Holdings LLC is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware and has its principal place of business at 2230 East Imperial Highway, El Segundo, California 90245.

3. On information and belief, Plaintiff and Counterclaim Defendant Trans Video Electronics Ltd. is a corporation organized and existing under the laws of the State of Indiana having its corporate headquarters 4115 Wisconsin Avenue, NW, Suite 208, Washington, DC 20016.

4. Trans Video has commenced the underlying patent infringement action in this Court, and thus has submitted to this Court's jurisdiction.

5. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1367 and 2201(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because this suit was filed in this district by Trans Video.

### FIRST CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the '621 patent against Trans Video)

7. DIRECTV incorporates the allegations set forth in Paragraphs 1 through 6 above as if fully set forth herein.

8. An actual controversy has arisen and now exists between the parties regarding non-infringement of the '621 patent because Trans Video asserted in its Complaint that DIRECTV infringes the patent.

9. DIRECTV has not infringed, and does not infringe, directly, contributorily, or by inducement, any valid or enforceable properly construed claim of the '621 patent, either literally or under the doctrine of equivalents.

10. DIRECTV is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid or enforceable claim of the '621 patent.

### SECOND CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the '621 patent against Trans Video)

11. DIRECTV incorporates the allegations set forth in Paragraphs 1 through 10 above as if fully set forth herein.

12. An actual controversy has arisen and now exists between the parties regarding invalidity of the '621 patent because Trans Video has asserted in its Complaint that DIRECTV infringes the patent, and that the patent was duly and legally issued.

13. DIRECTV believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that the asserted claims of the '621 patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United

States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

14. DIRECTV is entitled to a declaratory judgment that the asserted claims of the '621 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, DIRECTV prays for entry of judgment as follows:

A. Under the First Claim for Relief, that the Court determine and declare that DIRECTV has not infringed, and is not infringing, any valid and enforceable claim of the '621 patent, either directly or indirectly, and either literally or under the doctrine of equivalents,

B. Under the First Claim for Relief, that the Court declare that DIRECTV has not actively induced or contributed to infringement of the '621 patent;

C. Under the Second Claim for Relief, that the Court determine and declare that the asserted claims of the '621 patent are invalid and void;

D. That the Court award DIRECTV its attorneys' fees and costs of suit; and

E. That DIRECTV receives such other and further relief as the Court deems just and proper.

## JURY DEMAND

DIRECTV hereby demands a trial by jury on all issues and claims so triable.

| | |
|---|---|
| Dated: November 13, 2007 | KIRKLAND & ELLIS LLP |
| | |
| | By:_____/s/_____ |
| | R. Alexander Pilmer |
| | Marc H. Cohen |
| | KIRKLAND & ELLIS LLP |
| | 777 S. Figueroa Street |
| | Los Angeles, California 90017 |
| | Telephone: (213) 680-8400 |
| | Facsimile: (213) 680-8500 |
| | apilmer@kirkland.com |
| | mcohen@kirkland.com |
| | |
| | Attorneys for Defendants and Counterclaimants The DIRECTV Group, Inc. and DIRECTV Holdings, Inc. |

## DEMAND FOR JURY TRIAL

Under Rule 38(b) of the Federal Rules of Civil Procedure, Defendants and Counterclaimants The DIRECTV Group, Inc. and DIRECTV Holdings LLC, hereby demand a trial by jury on all issues triable by jury.

Dated: November 13, 2007                KIRKLAND & ELLIS LLP


By:_____/s/_____
R. Alexander Pilmer
Marc H. Cohen
KIRKLAND & ELLIS LLP
777 S. Figueroa Street
Los Angeles, California 90017
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500
apilmer@kirkland.com
mcohen@kirkland.com

Attorneys for Defendants and Counterclaimants
The DIRECTV Group, Inc. and DIRECTV Holdings, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document entitled **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT; COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY** was filed electronically in compliance with Local Rule 5-3. As such, this notice was served on all counsel who have consented to electronic service pursuant to Local Rule 5-4. Pursuant to Fed. R. Civ. P. 5 (b)(2)(A) and Local Rule 5-4, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by First Class U.S. Mail on November 13, 2007.

                                          /s/
                                 R. Alexander Pilmer