JOHN F. SWEENEY (*pro hac vice*)
MORGAN & FINNEGAN, LLP
3 World Financial Center
New York, NY 10281-2101
Telephone: 212-415-8700
Facsimile: 212-415-8701
jsweeney@morganfinnegan.com
skolmykov@morganfinnegan.com

GEORGE TACTICOS (State Bar No. 60089)
MORGAN & FINNEGAN, LLP
44 Montgomery Street
Suite 2550
San Francisco, CA 94104
Telephone No.: (415) 318-8800
Facsimile No.: (415) 676-5816
gtacticos@morganfinnegan.com

Attorneys for Plaintiff / Counter Defendant
TRANS VIDEO ELECTRONICS, LTD.

R. ALEXANDER PILMER (SBN 166196)
MARC H. COHEN (SBN 168773)
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017-5800
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
apilmer@kirkland.com
mcohen@kirkland.com

Attorneys for Defendants/ Counter-claimants
THE DIRECTV GROUP, INC. and DIRECTV HOLDINGS, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| TRANS VIDEO ELECTRONICS, LTD., an Indiana Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE DIRECTV GROUP, INC., a Delaware Corporation; and DIRECTV HOLDINGS LLC, a Delaware Corporation,<br><br>Defendants. | Case No. C-07-4125 (PJH)<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date: December 13, 2007<br><br>Time: 2:30 p.m.<br><br>Place: Courtroom 3, 17th Floor, Federal Building, 450 Golden Gate Avenue, san Francisco, CA<br><br>Judge: Hon. Phyllis J. Hamilton |
| THE DIRECTV GROUP, INC., a Delaware Corporation; and DIRECTV HOLDINGS LLC, a Delaware Corporation<br><br>Counterclaimants,<br><br>v.<br><br>TRANS VIDEO ELECTRONICS, LTD., an Indiana Corporation,<br><br>Counter-Defendant. | |

Plaintiff Trans Video Electronics, Ltd. (hereinafter, "Trans Video") and Defendants The DIRECTV Group, Inc. and DIRECTV Holdings, LLC (hereinafter, "DIRECTV") jointly submit this Case Management Statement under Civil Local Rule 16-9 and pursuant to the Court's order setting the case management conference.

### 1. Jurisdiction and Service

<u>Trans Video's Statement</u>: The Court has subject matter jurisdiction over all of the claims in this case under 28 U.S.C. §§ 1331 and 1338. The Court has personal jurisdiction over DIRECTV because DIRECTV is a nationwide satellite provider doing business in Los Angeles, California. Venue is proper because DIRECTV does business in this judicial district and has committed acts of infringement of Trans Video's U.S. Patent No. 5,903,621 in this judicial district.

<u>DIRECTV's Statement</u>: DIRECTV denies there is jurisdiction over the entities Trans Video sued, and denies that venue is proper. The defendants conduct no business in this district. To the extent jurisdiction and venue are proper on Trans Video's complaint, then DIRECTV asserts that jurisdiction and venue are proper for DIRECTV's counter-claim.

### 2. Facts

Trans Video filed its complaint on August 10, 2007. The case was assigned to the Honorable Edward M. Chen. Trans Video served its Complaint on DIRECTV on October 22, 2007. The Initial Case Management Conference before the Honorable Edward M. Chen was scheduled for November 14, 2007 at 1:30 p.m. On October 24th, 2007, the parties filed a Joint Notice of Need for ADR Phone Conference.

Following initial assignment to Honorable Edward M. Chen, DIRECTV declined to proceed before a Magistrate Judge and requested reassignment to a United States District Court Judge on November 6, 2007. On November 9, 2007, the case was reassigned to the Honorable Phyllis J. Hamilton. The Case Management Conference before the Honorable Phyllis J. Hamilton is scheduled for December 13, 2007 at 2:30 p.m.

1111085 v1

The parties have engaged in settlement discussions after the filing of the complaint and after service. Discovery has not yet commenced.

Trans Video's Statement: Plaintiff, Trans Video, contends that defendants, DirecTV, have infringed and are willfully infringing claims 14, 16-18, 20-23, 25-27 and 50 of U.S. Patent No. 5,903,621 ("the '621 patent"). The accused product is DIRECTV's widely marketed portable digital satellite TV system, named "Sat-Go," which first went on sale in May 2007 and continues to be offered for sale and sold all over the United States.

DIRECTV's Statement: Trans Video contends that DIRECTV's "Sat-Go" product infringes the '621 patent. Sat-Go is a satellite TV system in a briefcase-sized unit. The Sat-Go product has not been rapidly accepted by consumers, and DIRECTV has had limited sales in connection with Sat-Go. The popularity of Sat-Go, however, is beside the point here. DIRECTV does not infringe the '621 patent. And Trans Video's '621 patent does not represent the first time anyone considered a portable satellite TV system, including in a briefcase-sized unit, and thus, DIRECTV contends that the claims of the '621 patent are invalid.

### 3. Legal Issues

Trans Video's Statement: Plaintiff, Trans Video, contends that defendants, DirecTV, have infringed and are willfully infringing claims 14, 16-18, 20-23, 25-27 and 50 of the '621 patent -- titled "Integrated Communications System." Trans Video also asserts that enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284 are proper. Furthermore, Trans Video asks that this case be declared exceptional under 35 U.S.C. § 285 and that Trans Video be awarded its attorneys fees in this action.

DIRECTV's Statement: DIRECTV contends that it has not and is not infringing any valid claim of the '621 patent, either directly or indirectly. DIRECTV also contends that (1) the '621 patent is invalid, (2) prior art restricts the scope of the '621 patent so that DIRECTV cannot be considered to infringe, (3) Trans Video is barred by the doctrine of prosecution history estoppel from contending that DIRECTV infringes any claim of the '621 patent, (4) Trans Video's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, and unclean hands, and (5) the Complaint fails to state a claim upon which relief may be granted. DIRECTV has asserted

1111085 v1

counterclaims seeking a declaration that DIRECTV has not infringed the '621 patent and that this patent is invalid and unenforceable. DIRECTV asserts that if infringement is found, such infringement was not willful, and enhancement of damages under 35 U.S.C. § 284 would not be proper. DIRECTV has asked that this case be declared exceptional under 35 U.S.C. § 285 and that DIRECTV be awarded its attorneys fees in this action.

### 4. Motions

At the time of this submission, there are no motions pending. Each party reserves the right to file dispositive motions as necessary and appropriate.

### 5. Amendment of Pleadings

Parties to be added or dismissed are not known at this time. Each party reserves the right to amend its pleadings as necessary and appropriate by no later than December 31, 2007.

### 6. Evidence Preservation

The parties have directed their relevant employees to preserve all documents, in paper or electronic form, related to the subject matter of this case.

### 7. Disclosures

Each party has exchanged initial disclosures pursuant to Fed. R. Civ. P. 26. The disclosures exchanged included identification of individuals likely to have discoverable information supporting both parties' claims and defenses; identification of categories and location of documents, data compilations and tangible things that both parties may use to support their claims and defenses; damages computation and applicable insurance agreements. Both parties reserve the right to supplement these disclosures should additional information become available in the future.

## 8. Discovery

With the following exceptions, the parties adopt the discovery limits set forth in the Federal Rules:

    a.    Depositions: The parties agree to abide by the presumptive limits set forth in the Federal Rule of Civil Procedure regarding depositions, namely, a limit of 10 fact depositions per side and a limit of seven hours (on the record) per deposition, for a total presumptive limit of 70 hours of deposition per side. The parties further agree that expert depositions will not count toward the 70-hour limit, but that third-party depositions and depositions taken pursuant to Federal Rule of Civil Procedure 30(b)(6) will count toward the limit. The parties reserve the right to revisit the issue of the number and length of depositions as discovery progresses. If either party requests more than seven hours for a particular deposition, or more than a total of 70 hours, the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention by the Court.

    b.    Request for Admission: The parties agree that each party may serve a total of 40 requests for admission, excluding requests addressing the authentication or admissibility of documents and things. The parties reserve the right to revisit the issue of the number of requests for admission as discovery progresses.

    c.    Claim Construction: The parties do not propose any modifications of the deadlines specified in the Patent Local Rules. Trans Video proposes to postpone a decision on whether the Court will hear live testimony and the order of presentation at the Claim Construction Hearing until a later time. The parties currently do not contemplate any limits, other than those already imposed by the Federal Rules, the Patent Local Rules, or discussed above, on discovery relating to claim construction.

d. Expert Discovery: The parties agree, and respectfully ask the Court to order, that draft expert reports and communications between counsel and expert witnesses are not discoverable. All other documents considered by an expert witness in forming his or her opinions, an expert's engagement letter, and an expert's billing invoices and statements are discoverable, however, if not otherwise privileged or protected by this agreement.

e. Electronic Discovery: The parties will ensure that any highlighting, annotations, or markings that appear on electronic or paper documents will be produced in a visible manner reflecting that of the original document. The parties agree to compile and exchange search terms with each new set of document requests which are to be used for the collection of electronic documents and to meet and confer regarding those proposed terms and attempt to reach agreement thereon. The parties agree to produce electronic documents in single-page TIFF format. The parties agree to provide visible meta data for all electronic documents which meet the search term criteria of the other party (e.g., an email's To, From, Date, and Re fields). Requests for other metadata will be resolved on a document-by-document basis. The parties agree to continue to meet and confer regarding other appropriate limits on electronic discovery.

f. Entry of a Protective Order: The parties agree that a protective order is necessary in light of the sensitive and proprietary information that will be exchanged during discovery. The parties will work together to develop a protective order. DIRECTV's counsel will prepare the initial draft of the protective order for the parties' review and discussion.

Each party expressly reserves its right to seek modifications of the discovery limitations set forth above, including depositions and electronic discovery, as warranted.

### 9. Class Actions

This case is not a class action, so there will be no class-certification hearing.

### 10. Related Cases

At the time of this submission, there are no related cases or proceedings.

### 11. Relief

Trans Video's Statement: Plaintiff, Trans Video, seeks damages and a permanent injunction based upon the infringement of its patent. Plaintiff further contends that it is entitled to no less than a reasonable royalty for these acts of infringement, and that such amount should be trebled due to the willful nature of the infringement. As discovery is just beginning in this case, at this time, Plaintiff can not provide an actual amount it will seek as damages.

DIRECTV's Statement: DIRECTV seeks a judicial declaration that it has not infringed the '621 patent, and that the '621 patent is invalid.

### 12. Settlement and ADR

The parties have made no ADR efforts to date. The parties have engaged in settlement discussions after the filing of the complaint and after service, and believe that ADR would be productive to this case.

### 13. Consent to Magistrate Judge For All Purposes

The parties do not consent to a magistrate judge for all purposes.

### 14. Other References

The case is suitable for reference to a private mediator, such as JAMS in San Francisco, for example, for dispute resolution.

## 15. Narrowing of Issues

The parties believe that it may be possible to reduce the length of the trial by stipulation, use of summaries and statements, and other expedited means of presenting evidence. The parties will meet and confer regarding such options in preparing their pretrial disclosures.

## 16. Expedited Schedule

This case can be handled on an expedited basis with streamlined procedures.

## 17. Scheduling (Proposed)

| ACTION | DATE |
|---|---|
| Case Management Conference | December 13, 2007 |
| Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions | December 27, 2007 |
| Document production re: first sale, conception and reduction to practice and file history for each patent | December 28, 2007 |
| Preliminary Invalidity Contentions | February 13, 2008 |
| Document production on invalidity | February 13, 2008 |
| Parties simultaneously exchange lists of claim terms, phrases, or clauses to be construed by the Court | March 5, 2008 |
| Parties simultaneously exchange preliminary proposed construction of each claim term, and provide a list of proposed extrinsic evidence | March 25, 2008 |
| Parties shall complete and file a Joint Claim Construction and Prehearing Statement | April 15, 2008 |
| Parties complete all discovery relating to claim construction, including depositions of all experts and non-experts identified in the Joint Claim Construction Statement | May 15, 2008 |
| The patentee shall file and serve brief on supporting evidence regarding claim construction | May 30, 2008 |

| ACTION | DATE |
|---|---|
| The opposing party shall file and serve a responsive brief and supporting evidence regarding claim construction | June 16, 2008 |
| The patentee shall serve and file any reply brief and any evidence regarding claim construction | June 30, 2008 |
| Tutorial | July 7, 2008 |
| Claim Construction Hearing | Within 2 weeks of submission of Rule 4-5(c) reply briefs (subject to Court's convenience) |
| Close of Fact Discovery | December 8, 2008 |
| Opening Expert Reports | February 9, 2009 |
| Rebuttal Expert Reports | May 4, 2009 |
| Close of Expert Discovery | May 29, 2009 |
| Last Day for Hearing on Summary Judgment Motions | July 29, 2009 |
| Pretrial Disclosure | August 31, 2009 |
| Parties to Serve Motions in limine | September 10, 2009 |
| Objections to Pretrial Disclosure | September 17, 2009 |
| Parties to serve oppositions to motions in limine | September 24, 2009 |
| Parties to file joint proposed final pre-trial order, joint proposed instructions, separate memoranda of law, joint special verdict form, joint proposed voir dire questions, collated motions in limine, and trial briefs | October 9, 2009 |
| Final Pretrial Conference | October 23, 2009 |
| Trial | November 2, 2009 |

### 18. Trial

Trans Video properly demanded a jury trial on all issues so triable in this complaint. The parties estimate that trial will last 14 full court days.

### 19. Disclosure of Non-Party Interested Entities or Persons

<u>Trans Video's Statement</u>:  At the time of this submission, Trans Video is not aware of any persons, firms, partnerships, corporations or other entities to have either (i) financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

<u>DIRECTV's Statement</u>:  DIRECTV's Rule 7.1 Disclosure and Certificate of Interested Parties filed on November 13, 2007 remains in effect.

### 20. Other Matters

The parties will meet and confer regarding any matters that may facilitate the just, speedy and inexpensive disposition of this matter.

**Service List**

| Trans Video Attorneys: | DIRECTV Attorneys: |
|---|---|
| George Tacticos<br>MORGAN & FINNEGAN, LLP<br>44 Montgomery Street, Suite 2550<br>San Francisco, CA 94104<br>Telephone: 415-318-8800<br>Facsimile: 415-676-5816<br><br>John F. Sweeney (appearance *pro hac vice*)<br>MORGAN & FINNEGAN, LLP<br>3 World Financial Center<br>New York, NY 10281-2101<br>Telephone: 212-415-8700<br>Facsimile: 212-415-8701 | R. Alexander Pilmer<br>Marc H. Cohen<br>KIRKLAND & ELLIS LLP<br>777 South Figueroa Street<br>Los Angeles, California 90017-5800<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500<br>apilmer@kirkland.com<br>mcohen@kirkland.com |

Respectfully submitted,

Dated: December 5, 2007

MORGAN & FINNEGAN, LLP

By: _____/s/ John F. Sweeney_____
JOHN F. SWEENEY
Attorneys for Plaintiff TRANS VIDEO, ELECTRONICS, LTD.

Dated: December 5, 2007

KIRKLAND & ELLIS LLP

By: _____/s/ R. Alexander Pilmer_____
R. Alexander Pilmer
Attorneys for Defendants THE DIRECTV GROUP, INC. and DIRECTV HOLDINGS, LLC

I, John F. Sweeney, am the ECF user whose ID and password are being used to file this JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER. In compliance with General Order 45, X.B., I hereby attest that R. Alexander Pilmer has concurred in this filing.

Dated: December 5, 2007

                          JOHN F. SWEENEY
                          GEORGE TACTICOS
                          MORGAN & FINNEGAN, LLP

                          By:    /s/ John F. Sweeney
                                 John F. Sweeney

                                Attorneys for Plaintiff
                                TRANS VIDEO ELECTRONICS, LTD.